**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RICHARD SPAGNUALO,**

                        **Petitioner,**

  vs.                                        **9:20-CV-663**
                                                    **(MAD/TWD)**

**GEORGE JONES,**

                        **Respondent.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**RICHARD SPAGNUALO**
14-B-3313
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
Petitioner *pro se*

**OFFICE OF THE NEW YORK**         **JAMES FOSTER GIBBONS, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Petitioner commenced this action on June 15, 2020, seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his 2016 state court conviction of two counts of Criminal Possession of a Weapon in the Second Degree and one count of Criminal Mischief in the Fourth Degree. *See* Dkt. No. 1. Petitioner alleges that he is entitled to federal habeas relief because (1) the trial court erred in denying his request for a missing witness charge; (2) he was denied the effective assistance of counsel when trial counsel failed to request a missing witness charge at the earliest opportunity to do so; (3) the jury's verdict was against the weight of the

evidence; and (4) the trial court's imposition of an eight year sentence was harsh and excessive. *See id.* at 5-11.  In response to the petition, Respondent argues that (1) Petitioner's challenge to the trial court's denial of his request for a missing witness charge is both procedurally barred and not recognizable on habeas review; (2) the Appellate Division reasonably applied *Strickland* in rejecting Petitioner's ineffective assistance claim; (3) Petitioner's weight of the evidence claim is not cognizable on habeas review; and (4) Petitioner's excessive sentence claim is not cognizable on habeas review.  *See* Dkt. No. 13-1 at 19-32.

In an August 4, 2023 Report-Recommendation and Order, Magistrate Judge Dancks recommended that the Court deny and dismiss the petition.  *See* Dkt. No. 17.  Specifically, Magistrate Judge Dancks first found that Petitioner's claim that the trial court erred in denying his request for a missing witness charge was neither procedurally nor substantively exhausted because Petitioner failed to raise the claim in state court.  *See id.* at 22-26.  Second, Magistrate Judge Dancks found that Petitioner was not denied the effective assistance of counsel because defense counsel's failure to make a request which would not have been granted cannot constitute ineffective assistance.  *See id.* at 27-31.  Third, Magistrate Judge Dancks recommended that the Court find that Petitioner's weight of the evidence claim is not cognizable on habeas review and that, to the extent that Petitioner is asserting a legal sufficiency challenge, the claim is procedurally defaulted.  *See id.* at 32-35.  Finally, Magistrate Judge Dancks recommended that the Court find that Petitioner's claim that the sentence imposed was harsh and excessive is not cognizable on habeas review.  *See id.* at 35-37.  Neither party objected to Magistrate Judge Dancks' Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that the petition should be denied and dismissed. Petitioner's claim that the trial court erred in denying his request for a missing witness charge was not raised in state court and, therefore, the claim was neither procedurally nor substantively exhausted and, therefore, procedurally defaulted. *See Curtis v. Gonyea*, No. 9:19-cv-1164, 2020 WL 5122395, *3 (N.D.N.Y. Aug. 31, 2020). Moreover, since Petitioner failed to demonstrate cause for the default and actual prejudice resulting from the alleged violation, federal habeas review is precluded. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Additionally, Magistrate Judge Dancks correctly determined that trial counsel's failure to request a missing witness charge was not ineffective assistance because the request would not have been granted because the alleged missing witness would have simply provided cumulative testimony. *See Dearstyne v. Mazzuca*, 48 F. Supp. 3d 222, 275-76 (N.D.N.Y. 2011) (explaining "a missing witness charge is appropriate when the missing witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him" and denying the petitioner's ineffective assistance of counsel claim based on trial counsel's failure to request a missing witness charge) (citation omitted); *Horton v. Ercole*, 557 F. Supp. 2d 308, 329-30 (N.D.N.Y. 2008) (finding that trial counsel was not

3

ineffective for failing to request a missing witness instruction where "any testimony" provided by the alleged missing witnesses would have been "cumulative") (citations omitted).

Further, Magistrate Judge Dancks correctly determined that Petitioner's weight of the evidence claim is not cognizable on federal habeas review. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. Appx. 69, 75 (2d Cir. 2011) (citations omitted). To the extent that Petitioner was attempting to raise a legal sufficiency claim, the Fourth Department rejected the claim based on Petitioner's failure to preserve the claim, which is an independent and adequate state law ground precluding federal habeas review. *See Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) (collecting cases). Finally, Petitioner's excessive sentence claim does not present a federal constitutional issue because the sentence imposed was withing the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted); *see also Rodriguez v. Griffin*, No. 9:16-cv-1037, 2018 WL 6505808, *24 (N.D.N.Y. Dec. 11, 2018) (holding that the petitioner's "sentences ... fall within the limits set by New York law and therefore petitioner's claim provides no ground for federal habeas relief").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 17) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 26, 2023
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge